**Diane CARNESECCA, widow, et al. of Carl Allen Carnesecca, deceased, Plaintiffs,**

v.

**WASATCH BANK OF PLEASANT GROVE and/or State Insurance Fund, and the Industrial Commission, Defendants.**

No. 19792.

Supreme Court of Utah.

Aug. 16, 1984.

Carmen E. Kipp, Heinz J. Mahler, Salt Lake City, for plaintiffs.

David L. Wilkinson, Atty. Gen., Dennis V. Lloyd, Salt Lake City, for State Ins. Fund.

James R. Black, Fred R. Silvester, Salt Lake City, for Wasatch Bank.

**PER CURIAM:**

After a plenary hearing followed by the steps necessary for review, the claimants (plaintiffs) seek reversal of the Commission's denial of workmen's compensation death benefits.

The administrative law judge found that no benefits were payable since the decedent was not in the course of his employment at the time he was killed. The evidence was clear that the decedent was killed in a plane crash after he had been invited to go elk hunting with his brother-in-law, Savage. The latter furnished the plane and supplied all the expenses incident to its use.

The law judge found that decedent was vice president of the defendant bank and had been for twenty years before the accident. It was conceded that the decedent had an expense account to stimulate business and access to a golf club, where he entertained prospective customers. On occasion he took potential customers to athletic events at the bank's expense.

Decedent had mostly a social, but also a business relationship with Savage. Since long before the bank's inception, they annually went on elk hunts, fishing trips, dove and pheasant hunts and the like. On the day of the tragedy, there was no discussion of business.

The facts adduced reasonably could justify a finding that the trip was purely social and quite removed from a search for business. Both sides analyze the specifics and implications of two of our recent decisions involving trips by company representatives.[1] Neither is dispositive factually, but the principles espoused by both are applicable. From the facts found by the lower tribunal in the instant case, which we must respect on review if not tortured by indiscretion of the tribunal, the elk hunt was not within the course of decedent's employment. We are constrained to hold that, under either of the cases cited, the history and facts of the case here point clearly to a social, not business, relationship prevailing at the time of the accident involved.

The Commission's denial of benefits is affirmed without costs on appeal.

1. *Martinson v. W–M Insurance Agency,* Utah, 606 P.2d 256 (1980); *Ogden Standard Examiner*    *v. Industrial Commission,* Utah, 663 P.2d 88 (1983).